## SIBEL v. MISKELLY.

No. 26223.   Feb. 4, 1936.

F. Leonard Sibel, for plaintiff in error.

W. M. Caudill, for defendant in error.

PER CURIAM. This is an appeal from a judgment amounting to $90.20. Fortunately, the facts and the principles of law involved are correspondingly short and simple and do not call for an extensive opinion.

Referring to the parties as they appeared below, the plaintiff had performed certain work for the defendant in decorating the latter's house. There was an agreement between the parties that the defendant would owe the plaintiff $100 for certain work agreed upon. It was admitted at the trial that defendant had paid the plaintiff that $100. Plaintiff claimed at the trial that defendant owed him the additional $90.20 on account of extra work requested by defendant's wife and agreed to by defendant, and which was performed by the plaintiff.

The case was submitted to the jury, and the jury returned a verdict for the amount claimed by plaintiff, and judgment was entered accordingly. The court's instructions to the jury include the following:

"The plaintiff admits receiving the $100, but says that it was not in full payment, and that for the extra work that he performed he has not been paid.

"These are the issues for you gentlemen of the jury to decide under the evidence in the case.

"You are instructed that the plaintiff must prove his case by a fair preponderance of the evidence before you can give him a judgment for any amount.

"You are instructed that if you believe from the evidence that the arrangement between the plaintiff and the defendant was that the defendant was to furnish all the material, and plaintiff was to do the work in question for $100, that then your verdict should be for the defendant.

"You are instructed that if you believe from a preponderance of the evidence that there wasn't any different agreement as to the amount that the defendant was to receive, rather if you believe from the fair preponderance of the evidence that there was a definite amount agreed upon for a certain work, and that then there was additional work that was done at the request of the plaintiff by the defendant, with no particular arrangement for the payment of it, then your verdict should be for a reasonable amount of compensation to the defendant for the extra amount of work."

Those instructions of the trial court advised the jury of the nature of the plaintiff's claim and of the defendant's contention with reference thereto, and the court's instructions correctly stated the rule of law with reference to such a controversy. A search of the record, however, discloses that there was no evidence introduced in the case sufficient to justify the submission of such an issue to the jury. The plaintiff testified that he did extra work outside of the agreement covered by the $100 consideration, and that there was no understanding between the parties as to what compensation he would receive for the extra work. There was evidence that the work done by the plaintiff was reasonably worth 60 cents an hour, but there seems to be a total failure of proof as to how much of the work included in his itemized statement was performed under the original agreement and how much, if any, extra work was done.

Upon failure of the plaintiff to furnish proof of his claim, that is, as to how many hours of extra work were performed by him, he was not entitled to recover, and the trial court should have sustained defendant's demurrer to the plaintiff's evidence.

The cause is reversed.

The Supreme Court acknowledges the aid

of Attorneys Frank Settle, M. C. Rodolf, and Geo. B. Schwabe in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Settle and approved by Mr. Rodolf and Mr. Schwabe, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and BAYLESS, WELCH, CORN, and GIBSON, JJ., concur.